UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAIRY CONVEYOR CORPORATION, a New York corporation;<br>VLADAN RAKIC; and<br>DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 8:23-cv-01683-JWH-JDE<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 24]** |

Before the Court is the motion of Plaintiff Jose Rodriguez to remand this action to Orange County Superior Court.[1] Defendant Dairy Conveyor Corporation has opposed,[2] and the matter is fully briefed.[3] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Court orders that Rodriguez's Motion is **DENIED without prejudice**.

## I. BACKGROUND

Rodriguez initially filed this action in Orange County Superior Court in March 2023.[4] The Original Complaint alleged the following 13 causes of action against Dairy Conveyor and Does 1 through 20:

- discrimination in violation of Cal. Gov't Code §§ 12940 *et seq.*;
- harassment in violation of Cal. Gov't Code §§ 12940 *et seq.*;
- retaliation in violation of Cal. Gov't Code §§ 12940 *et seq.*;
- failure to prevent discrimination, harassment, and retaliation in violation of Cal. Gov't Code §§ 12940 *et seq.*;
- waiting time penalties in violation of Cal. Labor Code §§ 201-03;
- conversion;
- unfair business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;
- civil assault;
- civil battery;
- wrongful termination in violation of Cal. Gov't Code §§ 12940 *et seq.*;
- wrongful termination in violation of public policy;
- a claim for declaratory relief; and

---

[1] Pl.'s Mot. to Remand (the "Motion") [ECF No. 24].
[2] Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 26].
[3] Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 28].
[4] Def.'s Not. of Removal (the "Notice of Removal") [ECF No. 1] ¶ 1.

- a claim for injunctive relief.[5]

Importantly, for the purpose of the instant Motion, the Original Complaint refers to "Vladimir, and Does 1-20" as Rodriguez's employers, in addition to Dairy Conveyor.[6] The Original Complaint specifically discusses and concerns Rodriguez's allegations that he was "subjected to harassment by his supervisor and Foreman, Vladimir (last name unknown)."[7]

Dairy Conveyor was served with the Original Complaint in August 2023, and it timely removed the action to this Court in September 2023.[8] Because all of Rodriguez's causes of action arise under state law, Dairy Conveyor removed the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, & 1453, alleging diversity jurisdiction.[9]

Rodriguez filed the operative First Amended Complaint in this Court later in September 2023.[10] The Amended Complaint asserts the same claims for relief as the Original Complaint, but it adds a newly named individual Defendant—Vladan Rakic—who is identified as Rodriguez's "supervisor and Foreman."[11] "Vladan" appears to be the correct name of the individual to whom the Original Complaint refers as "Vladimir": Paragraphs 25 through 32 of the Amended Complaint are identical to Paragraphs 25 through 31 of the Original Complaint, except that "Vladimir" becomes "Vladan."[12]

---

[5] Decl. of Paul Calabretta, Ex. A (the "Original Complaint") [ECF No. 1-2].
[6] *Id.* at ¶¶ 6-8.
[7] *Id.* at ¶ 25; *see also id.* at ¶¶ 26-31.
[8] Notice of Removal ¶ 4.
[9] *See generally id.*
[10] First. Am. Compl. (the "Amended Complaint") [ECF No. 14].
[11] *See generally id.*; *see also id.* at ¶ 25.
[12] *Compare* Original Complaint ¶¶ 25-31 *with* Amended Complaint ¶¶ 25-32.

-3-

Dairy Conveyor answered the Amended Complaint in October 2023.[13] Rodriguez filed the instant Motion in January 2024[14] and thereafter filed a proof of service of the Amended Complaint upon Rakic.[15]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

A defendant may remove civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). The removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

---

[13] Answer to Amended Complaint [ECF No. 18].
[14] See generally Motion.
[15] Certificate of Service (the "Certificate of Service") [ECF No. 17] 52-53.

-4-

## III.  ANALYSIS

In his Motion, Rodriguez asserts (1) that removal was not proper based upon the forum defendant rule, *see* 28 U.S.C. § 1441(b)(2); and (2) the Court lacks subject matter jurisdiction because, with the addition of Rakic, the parties are not diverse.[16]

Rodriguez's first argument, that removal was improper under the forum defendant rule, fails because the rule is procedural, not jurisdictional, so the Court may not remand pursuant to the forum defendant rule absent a timely motion to remand under the rule.  *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).  Because Rodriguez did not move to remand this action within 30 days of its removal to this Court, the Court may not remand pursuant to the forum defendant rule.  *See id.*

However, assuming that Rakic has been properly served and joined as a Defendant to this action, Rodriguez's second argument—that the Court lacks diversity jurisdiction because both Rodriguez and Rakic are citizens of California—succeeds.  As Rodriguez attests, Rakic is not a sham defendant; Rodriguez included Rakic in the Original Complaint, albeit under an incorrect name, and Rodriguez properly amended the complaint with Rakic's corrected name once Rodriguez discovered it.[17]

However, as Dairy Conveyor asserts, Rodriguez does not appear to have properly served and joined Rakic.[18]  Mario Hurtado, on behalf of Rodriguez, attests that he served a copy of the Amended Complaint upon Rakic by mail: "by placing the [Amended Complaint] in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices," and

---

[16]  *See generally* Motion.
[17]  *See supra* Part I.
[18]  *See* Opposition 4:7-5:7.

"by mailing it to the person's last known address, which constitutes service pursuant to [Rule] 5(b)(2)(C)" of the Federal Rules of Civil Procedure.[19] But Rodriguez must serve Rakic with both the Amended Complaint *and a summons*. *See* Fed. R. Civ. P. 4(c) & 5. Furthermore, service of those documents upon Rakic must be procedurally proper: service by mail "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30. Because Rakic, or his agent, has not acknowledged receipt of the summons and Amended Complaint, service upon him by mail is not complete, and the Court lacks *in personam* jurisdiction over him. *See Tandy Corp. v. Superior Ct.*, 117 Cal. App. 3d 911, 913 (1981).

## IV.  DISPOSITION

Once Rakic is properly served, the parties will no longer be diverse and the Court may remand this action. But until then, the action was properly removed, so remand is improper. Thus, Rodriguez's instant Motion is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: February 26, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[19]  Certificate of Service 52-53.